UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H. GRIMES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KNIFE RIVER CONSTRUCTION, et al.,<br><br>　　　　　Defendant. | Civ. No.  S-13-02225 KJM CMK<br><br><br>ORDER |

　　　　　The motion for an order staying the proceedings, brought by defendant Dave Knauth, is currently pending before the court.  Plaintiff Grimes (Grimes or plaintiff) and defendants Knife River Construction, Knife River Corporation and Baldwin Contracting Company (Knife River) have opposed the motion.  The court ordered the matter submitted without hearing and now GRANTS the motion in part and DENIES it in part.

I.  BACKGROUND

　　　　　On October 23, 2013, plaintiff filed a complaint alleging that Knife River, her former employer, had failed to pay her the applicable wage rate for her work in driving a pilot car.  Compl., ECF No. 1 ¶¶ 21, 36-62.  She also alleges that Knauth, her supervisor, had subjected her to sexual harassment, ranging from inappropriate sexual comments to sexual contact, accompanied by threats to dissuade her from reporting his behavior.  *Id*. ¶¶ 24-26.  In 2013, a non-employee complained to Knauth's supervisor about Knauth's treatment of Grimes and

1

1  thereafter defendants retaliated by giving her more demanding work and depriving her of her
2  assignment as pilot car driver. *Id.* ¶ 27.  Knauth continued to subject plaintiff to sexual
3  harassment. *Id.* ¶ 29.  In August 2013, Grimes took disability leave based on Knauth's treatment
4  of her. *Id.* ¶ 31.

5  The complaint consists of twelve claims:  sexual harassment and retaliation, CAL.
6  GOV'T CODE § 12940(j) (FEHA) against all defendants; failure to prevent discrimination,
7  harassment, or retaliation, CAL. GOV'T CODE § 12940(k) against Knife River; wrongful
8  termination in violation of public policy against Knife River; sexual battery against Knauth, CAL.
9  CIV. CODE § 1708.5; threats of violence against Knauth, CAL. CIV. CODE §§ 51.7, 52; gender
10 violence against Knauth, CAL. CIV. CODE § 52.4; failure to pay minimum wage and overtime
11 against all defendants, 29 U.S.C. § 201, et seq.; failure to pay overtime against all defendants,
12 29 U.S.C. § 207(a); failure to pay overtime against all defendants, CAL. LAB. CODE §§ 510, 1774,
13 1194; failure to provide accurate wage statements against Knife River, CAL. LAB. CODE § 226;
14 failure to provide meal and rest periods against Knife River, CAL. LAB. CODE §§ 226.7, 512; and
15 unfair competition against Knife River, CAL. BUS. & PROF. CODE § 17200, et seq. (UCL).  ECF
16 No. 1 at 11-25.

17 On April 8, 2014, Knauth filed the instant motion to stay.  ECF No. 16.  Knauth
18 maintains he will assert his Fifth Amendment rights in response to plaintiff's requests for
19 admissions about his sexual relations with plaintiff and at his noticed deposition.  Mot. to
20 Dismiss, ECF No. 16-1 at 4-5, 16-2 at 14-20.  He argues that because the complaint alleges his
21 unwanted sexual contact with plaintiff continued until 2011, he faces the risk of prosecution for
22 assaultive sexual acts until 2021, when the ten-year statute of limitations will expire.  ECF
23 Nos. 16-1 at 7 & 16-3 at 3.[1]  He argues a stay, even a lengthy one will not harm the other parties,
24 because plaintiff's claims against the Knife River defendants can proceed.  ECF No. 16-1 at 9.
25 Finally, he suggests plaintiff could "clarify her intentions with regard to a criminal action," by

---

[1] Knauth offers to provide plaintiff's mediation brief for an *in camera* review, to give the court an idea of the serious nature of plaintiff's allegations.  The court declines and will assume for purposes of this motion that plaintiff's claims of unwanted sexual conduct include assaultive sexual contact.

2

pledging not to file a police report or agreeing to be deposed first so defendant could "better assess his risk."  ECF No. 16-1 at 10-11.

Plaintiff opposes the motion, noting that in August 2013, she met with a Chico police officer to ask about obtaining a restraining order against Knauth and described the forced sexual contact but has had no further contact with the police department.  Grimes' Opp'n, ECF Nos. 21 at 2 & 21-2 at 1-2.  She argues a lengthy stay is not warranted, particularly in light of the fact there is no suggestion of any criminal investigation.  ECF No. 21 at 4-5.

Knife River also opposes the stay, noting the unlikelihood of any incrimination in light of Knauth's repeated denials of any form of sexual or inappropriate contact with plaintiff.  Knife River Opp'n, ECF No. 19 at 2 & 19-2 at 2.  It argues in the alternative that the entire action should be stayed so Knauth's invocation of his right to remain silent will not give rise to an adverse inference against the employers.  ECF No. 19 at 3.

In reply, Knauth argues that he learned of Grimes' meeting with police for the first time when he received the opposition to his motion and has not yet received a copy of the report, despite his requests to the Chico Police Department.  Reply, ECF No. 22.  He also argues that plaintiff could use the possibility of pursuing criminal charges manipulatively, "should she decide it would be strategically advantageous in the civil litigation to return to her accusations against Mr. Knauth with the Chico Police."  ECF No. 22 at 3.  Knauth characterizes plaintiff's actions as a "tactic to force Mr. Knauth into silence in this civil litigation with accusations rising to the level of serious criminal violations . . . ."  *Id*.  He repeats his argument that even if a complete stay is not warranted, his deposition should be stayed until after he has received the report from the Chico Police Department, deposed the officer who took the report, and deposed plaintiff.  *Id*.

II. ANALYSIS

   A. Stay

A party has no constitutional right to a stay of civil proceedings during the pendency of a criminal investigation or prosecution nor does the Constitution protect a party from being forced to choose between the consequences of asserting or waiving his Fifth Amendment rights in the civil proceedings.  *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976); *Fed. Sav. &*

3

*Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("*Molinaro*"). Even so, after considering "the particular circumstances and competing interests involved in the case," a court has discretion either to stay the entire proceeding or fashion some other, less drastic way to protect a party's Fifth Amendment rights. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995); *see also eBay, Inc. v. Digital Point Solutions, Inc*., No. C 08-4052 JF (PVT), 2010 WL 702463, at *5 (N.D. Cal. Feb. 10, 2010) (considering plaintiff's proposed alternatives to a stay, but ultimately denying the stay). "The case for staying civil proceedings is 'a far weaker one' when '[n]o indictment has been returned [, and] no Fifth Amendment privilege is threatened." *Molinaro*, 889 F.2d at 903 (quoting *SEC v. Dresser Indus., Inc*., 628 F.2d 1368, 1376 (D.C. Cir. 1980)). As one court has observed, there do not appear to be any cases granting a stay "in the absence of any hint of criminal proceedings . . . ." *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 902 (N.D. Cal. 2010) (rejecting a request for a stay until the expiration of the statute of limitations).

In considering whether to stay the proceedings, the court "should consider 'the extent to which the defendant's fifth amendment rights are implicated.'" *Keating,* 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902) (lack of capitalization as in original). In addition, the court should consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to the plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id*. at 325.

Until filing his reply, Knauth addressed the *Keating* factors only obliquely. In both the motion and the reply, he relies on *Pacers, Inc. v. Superior Court*, a case from the California Court of Appeal, which predates *Keating*, does not engage in any of the analysis the Ninth Circuit has mandated a district court undertake, and is not binding on this court. 162 Cal. App. 3d 686, 689-90 (1984). He also cites to the Ninth Circuit's decision in *Blue Cross and Blue*

4

1  *Shield of Alabama v. Unity Outpatient Surgery Center*, which remanded a district court's decision
2  to stay a case because the court had not explained its reasons for granting lengthy stays. 490 F.3d
3  718, 725 (9th Cir. 2007). As Knauth observes, the Ninth Circuit did not condemn outright a
4  potential stay of five to six years, but as plaintiff argues, the court also said that lengthy and
5  indefinite stays "place a plaintiff effectively out of court." *Id*. at 724. It provides little guidance
6  in resolving the particular circumstances of this case.

7          1. Plaintiffs' Fifth Amendment Rights/The Burden From Proceeding

8          "When simultaneous civil and criminal proceedings involve 'the same or closely
9  related facts,' the Fifth Amendment concerns may be sufficient to warrant a stay." *eBay*, 2010
10 WL 702463, at *3 (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).
11 However, as noted, even when there is overlap between the civil litigation and potential criminal
12 charges, stays generally are not warranted "in the absence of any hint of criminal
13 proceedings . . . ." *KLA-Tencor Corp.*, 717 F. Supp. 2d at 902.

14         For purposes of this motion, the court accepts Knauth's claim that plaintiff's
15 allegations involve sexually assaultive conduct that could expose him to criminal liability.
16 Similarly, it does not downplay the seriousness of any consequences of an investigation of the
17 claims. Nevertheless, Knauth has presented no evidence that he is being investigated. He
18 contends he cannot know about the possibility of any investigation until he obtains the report
19 plaintiff made in August 2013, but he has not reported any contact from the Chico police.
20 Moreover, nothing in his reply suggests that his counsel has contacted the Butte County District
21 Attorney's Office to inquire about any potential prosecution or attempted informal contact with
22 the Chico Police Department about the possibility or probability of any investigation.

23         In addition, Knife River has presented a report from its human resources
24 department summarizing Knauth's answers to questions about his contacts with Grimes. ECF
25 No. 19-2 at 19-35. Because he has answered questions about his dealings with plaintiff, the
26 impact of further questioning on his Fifth Amendment rights is not strong. *See Molinaro*,
27 889 F.2d at 903 (stating that when party had given partial deposition and could also provide
28 /////

information that did not tend to incriminate him, the burden on his Fifth Amendment privilege was "negligible").

In the absence of anything but plaintiff's isolated six-month-old contact with the police to explore a restraining order and in light of Knauth's responses to his HR department's inquiries, Knauth has not shown his Fifth Amendment concerns warrant a stay.

2. Expeditious Litigation

Knauth argues plaintiff's interest in expeditious litigation is overblown because it "did not deter her from sitting on her claims since 2005." ECF No. 22 at 6. He cites to *Credit Acceptance Corp. v. Westlake Servs., LLC*, a case in which the court denied a stay in part because of plaintiff's "unexplained seven year delay" in bringing suit. No. CV 13–01523 SJO (MRNx), 2013 WL 7144391, at *5 (C.D. Cal. Dec. 30, 2013). *Credit Acceptance*, a patent case, provides little guidance in this case. In *Credit Acceptance*, the seven year delay in challenging the alleged patent infringement does not present the same danger of fading memories as does the instant case. Moreover, in *Credit Acceptance*, the stay allowed the parties to pursue administrative review of the covered business method underlying the patent in that case, a review with the potential to simplify the issues before the court. There will be no such benefit from a stay in this case.

Knauth ignores Knife River's interest in expeditious litigation. He claims plaintiff's case against Knife River may be separately litigated, but does not acknowledge that Knife River's defense against plaintiff's sexual harassment claims almost certainly will involve exploration of Knauth's interactions with plaintiff. Even assuming without deciding that plaintiff can be deemed to have delayed her suit, no such delay is attributable to Knife River.

In light of the fact that Knauth seeks to stay the action until the ten-year statute of limitation for sexually assaultive crimes has run, CAL. PEN. CODE § 801.1(b), the impact not only on plaintiff's ability to pursue her case but on Knife River's ability to defend itself does not support a stay.

3. The Efficient Use of Judicial Resources

If the action is stayed as to Knauth, the court will have essentially bifurcated the action, resulting in a duplication of its efforts to resolve it. This *de facto* bifurcation will have an

impact on the witnesses for both plaintiff and defendants, as they might be subject to two rounds of discovery and two trials.

Knauth claims that a stay will promote judicial efficiency because the court will not have to decide "a constant stream of privilege issues." ECF No. 22 at 7.  Although there is the potential the court may have to resolve claims of privilege, it is not certain; it is certain that a stay will require the court undertake two separate resolutions of the same issues, either by summary judgment, trial or both.  The concern for judicial efficiency does not support the requested stay.

    4.  The Interests of Third Parties

Neither party has presented any evidence or compelling argument on this factor, which is neutral on the question of the stay.

    5.  The Public Interest

Plaintiff argues the public interest in enforcement of the laws against sexual harassment shows the stay is unwarranted.  However, as this case involves past events, the public's interest is diluted.  This factor is neutral.

After considering the *Keating* factors, the court denies Knauth's request for a lengthy stay of discovery.

 B.  Order of Depositions

Knauth asks for an order allowing him to take plaintiff's deposition before he is deposed, arguing that once plaintiff explains the nature and frequency of the alleged sexual conduct, he will be in a better position to evaluate the risk of prosecution and the potential penalties. ECF No. 16-1 at 10.  Plaintiff objects, noting that counsel has had several communications about the scheduling of depositions and the parties had agreed Knauth would be deposed first.  Decl. of Leslie Levy, ECF No. 21-1 ¶ 6.

In *Slagowski v. Central Washington Asphalt*, the court applied the *Keating* factors to a request that certain defendants' depositions be stayed until the expiration of the statute of limitations.  291 F.R.D. 563, 576-77 (D. Nev. 2013).  Knauth has not presented any argument that
/////

his suggested rearrangement of the discovery schedule is supported by an evaluation of these considerations.  He has not shown the current order of depositions should be disrupted.

The court does find a short stay of discovery is warranted to allow Knauth time to secure a copy of the police report, the existence of which was not disclosed with the Rule 26 initial disclosures.

IT IS THEREFORE ORDERED that:

1. Knauth's motion for a stay of discovery until the expiration of the statute of limitations, ECF No. 16, is denied;

2. Knauth is granted a temporary stay of discovery against him to allow him to secure a copy of the police report; and

3. Knauth is directed to file a status report within fourteen days of the date of this order on his progress in obtaining a copy of the report.

DATED:  May 9, 2014.

_____
UNITED STATES DISTRICT JUDGE